**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | | |
|---|---|---|
| **BARBARA BROWN,** | § | |
| | § | |
| *Plaintiff*, | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | |
| **DG FOODS, LLC,** | § | **JURY TRIAL DEMAND** |
| | § | |
| *Defendant*. | § | |

## ORIGINAL COMPLAINT

Plaintiff BARBARA BROWN ("Plaintiff"), by and through her attorneys, ELLWANGER HENDERSON LLLP and Bohrer Brady, LLC, brings this action for damages and other legal and equitable relief from Defendant DG FOODS, LLC ("Defendant") for damages and other legal and equitable relief arising from Defendant's illegal discrimination based on sex and retaliation.

## INTRODUCTION

1.      This is an action brought by Plaintiff seeking damages from Defendant for acts of discrimination based on sex and retaliation. Defendant's acts of discrimination are in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.* and any other causes of action that can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C.

1

§ 2201; and  (iii) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.  2000e *et seq.,* as amended.

3.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District. Venue is also proper under §706 of Title VII, 42 U.S.C. § 2000e-5(3)(f), in that the acts complained of herein, including unlawful employment practices, occurred within the federal District over which this Court has jurisdiction.

## PARTIES

4.     Plaintiff Barbara Brown is female.

5.     Defendant is a poultry processing and portioning company with a facility in Bastrop, Louisiana. At all relevant times, Defendant has employed at least 15 employees.

6.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under § § 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e-(b), (g) and (h).

7.     At all relevant times, Plaintiff worked for Defendant at Defendant's Bastrop, Louisiana location and was an employee of Defendant as that term is defined in Title VII.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

8.     Plaintiff has timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

9.     Plaintiff received a Notice of Right to Sue from the EEOC dated September 16, 2024, within ninety (90) days prior to the filing of this Complaint.

2

## FACTS UNDERLYING CLAIMS

10. Plaintiff was hired by Defendant as a Line Worker at its Bastrop plant in February 2014. She was promoted to Production Supervisor in 2016.

11. On or about November 28, 2022, Assistant Plant Manager Craig (LNU) uncharacteristically requested Plaintiff come to his office to provide her shift notes. This was uncharacteristic because, over the previous two years, Plaintiff consistently gave her shift notes to the Plant Manager Wesley Carter.

12. Later that day, Plaintiff entered Craig's office and handed over her shift notes. However, when Plaintiff handed over the shift notes, Craig grabbed Plaintiff's hand and began to caress it.

13. Plaintiff pulled her hand away and asked Craig what he was doing. Craig responded with a suggestive and sexually charged expression. Plaintiff refused the advance.

14. Plaintiff left Craig's office and immediately notified Assistant Plant Manager Murrell Corps of the incident. Mr. Corps dismissed the incident and encouraged Plaintiff not to report the incident to Human Resources.

15. Shortly after this complaint to Mr. Corps, Plaintiff started to experience significant retaliation.

16. For example, Craig began making excessive demands on Plaintiff and began to closely monitor Plaintiff's work performance by, *inter alia*, hovering over Plaintiff's work area and frequently reprimanding Plaintiff. Upon information and belief, no other similarly situated employee was subject to such excessive demands or monitoring.

3

17.     On or about December 8, 2022, Defendant transferred Plaintiff to a different work area where she was given a heavier workload and assigned job tasks that were not part of her position or department. Plaintiff did not receive any change in pay to reflect the additional tasks.

18.     Shortly after the transfer, Plaintiff reported her concerns to Defendant's Shift Manager Gene Bradford. Plaintiff told Mr. Bradford she felt that the transfer was in retaliation for rejecting Craig's sexual advances.

19.     Hours after making this complaint to Mr. Bradford, Plaintiff was terminated.

20.     The reason given for termination was for allegedly not putting ice on a product. However, throughout the entire course of Plaintiff's employment, she had been instructed to only place ice on a product if a mechanical error caused a lull in production. No such lull had occurred during the alleged event for which Plaintiff was terminated.

21.     Defendant has transferred, given additional job duties, and ultimately terminated at least one other female employee in the same plant after she turned down an unwelcome sexual proposition by management.

22.     Defendant's alleged reason for termination was a pretext for Defendant's retaliatory discharge.

## CAUSES OF ACTION

## COUNT I

**EMPLOYMENT DISCRIMINATION ON THE BASIS OF SEX**
Title VII of the Civil Rights Act of 1964, as amended.
42 U.S.C. § 2000e *et seq.*
*Terms and Conditions*

23.     Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

24. The conduct alleged herein violates Title VII as Defendant has subjected Plaintiff to sex discrimination by subjecting Plaintiff to disparate treatment in the terms and conditions of her employment including but not limited to shift transfer, position re-assignment, a heavier workload, and excessive monitoring based on her sex, female.

25. Plaintiff's requests for relief are set forth below.

## COUNT II

**EMPLOYMENT DISCRIMINATION ON THE BASIS OF SEXUAL HARASSMENT**
Title VII of the Civil Rights Act of 1964, as amended.
42 U.S.C. § 2000e *et seq.*
*Quid Pro Quo Sexual Harassment*

26. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

27. The conduct alleged herein violates Title VII as Defendant has subjected Plaintiff to quid pro quo sexual harassment. Specifically, Plaintiff's rejection of her supervisor's sexual advances resulted in the tangible employment action of reassignment to a position with significantly different responsibilities.

28. Plaintiff's requests for relief are set forth below.

## COUNT III

**EMPLOYMENT DISCRIMINATION ON THE BASIS OF SEXUAL HARASSMENT**
Title VII of the Civil Rights Act of 1964, as amended.
42 U.S.C. § 2000e, *et seq.*
*Hostile Work Environnent*

29. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

30.     The conduct alleged herein violates Title VII as Defendant has subjected Plaintiff to a sexually hostile work environment that was so severe or pervasive that it altered the terms and conditions of Plaintiff's employment.

31.     Plaintiff's requests for relief are set forth below.

## COUNT IV

### EMPLOYMENT DISCRIMINATION ON THE BASIS OF SEX
Title VII of the Civil Rights Act of 1964, as amended,
42 U.S.C. §§ 2000e *et seq.*
*Retaliation*

32.     Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

33.     The conduct alleged herein violates Title VII as Defendant retaliated against Plaintiff for engaging in protected activity.

34.     Plaintiff lodged complaints with Defendant regarding the above described discrimination she suffered, and as such, engaged in protected activity under Title VII.

35.     In response, Defendant retaliated against Plaintiff by subjecting her to different terms and conditions of employment and ultimately terminating Plaintiff.

36.     But for Plaintiff's protected activity, Defendant would not have subjected Plaintiff to differing terms and conditions of her employment or terminated Plaintiff.

37.     Plaintiff's requests for relief are set forth below.

### DEMAND FOR JURY TRIAL

38.     Plaintiff demands a jury trial on all matters raised in this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

39.     That the practices of Defendant complained of herein be determined and adjudged to be in violation of the rights of Plaintiff under the federal laws identified above prohibiting discrimination and retaliation in employment;

40.     That judgment be entered in favor of Plaintiff as set forth herein, and against Defendant, for back pay (including interest or an appropriate inflation factor), front pay, benefits and all other amounts owed to Plaintiff;

41.     That Plaintiff be awarded compensatory damages for her employment discrimination claims including for future pecuniary and non-pecuniary losses, including but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;

42.     That Plaintiff be awarded punitive damages for discriminatory practices done with malice or with reckless indifference to the federally protected rights of Plaintiff;

43.     That Plaintiff be awarded pre-and post-judgment interest;

44.     That the Court award Plaintiff reasonable attorneys' fees and costs associated with this matter, including but not limited to expert fees and costs;

45.     That Defendant be ordered to require training regarding sexual harassment and retaliation;

46.     That the Court retain jurisdiction over Defendant until such time as it is satisfied that it has remedied the practices complained of and is determined to be in full compliance with the law; and

47.     That Plaintiff be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

Respectfully submitted,

/s/ Philip Bohrer
Philip Bohrer
Louisiana State Bar No. 14089
phil@bohrerbrady.com
**BOHRER BRADY, LLC**
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000

Jay D. Ellwanger (*pro hac vice to be filed*)
Texas State Bar No. 24036522
jellwanger@equalrights.law
Brian Pounds (*pro hac vice to be filed*)
Texas State Bar No. 24126432
bpounds@equalright.law
ELLWANGER HENDERSON LLLP
11149 Research Blvd., Suite 100
Austin, Texas 78759
Tel: (737) 808-2260

**COUNSEL FOR PLAINTIFF**